Filed 3/16/23  In re Bryan N. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re BRYAN N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRYAN N.,<br><br>        Defendant and Appellant. | A165500<br><br>(Contra Costa County<br>Super. Ct. No. J22-00243) |

Bryan N. appeals from a juvenile court order declaring him a ward of the court, committing him to a youth ranch, and placing him on probation after he pleaded no contest to assault and grand theft. His appellate counsel asked this court to independently review the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99 [*Wende* procedure applies in juvenile delinquency appeals].) Bryan was informed of his right to file a supplemental brief and did not do so. We conclude there are no arguable issues and affirm.

1

On the afternoon of April 23, 2022, a 16-year-old Norteño gang member was shot in the head near a Concord park.[1] After the police responded, the victim reported that he arranged to sell a firearm to a potential buyer. When he arrived at the agreed location, he was approached by three people, later identified as then 17-year-old Bryan and two other young men, B.C. and J.H. The victim reported that B.C. pointed a gun at him and J.H. took the victim's backpack, which contained the gun he intended to sell. As the victim was running away, B.C. shot him.

Video surveillance footage corroborated the victim's story, showing that Bryan, B.C., and J.H. approached the area where the victim was shot and then, after an argument and gun shot could be heard off camera, ran away. Subsequent searches uncovered gang paraphernalia and other evidence that Bryan and the other two young men were affiliated with a Sureño gang and that the robbery of the victim was planned. Bryan was arrested at his home in early May 2022.

Later that month, the Contra Costa County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602 alleging that Bryan committed second degree robbery, a felony, while armed with a firearm.[2] After a contested detention hearing, the juvenile court ordered Bryan detained at juvenile hall.

Shortly afterward, the petition was amended to add allegations that Bryan committed two felonies, assault by means likely to produce great

[1] Bryan stipulated to a police report as the factual basis for his plea. We draw the facts from the dispositional report's description of the police report, which is not in our record.

[2] These allegations were made under Penal Code sections 211 and 212.5, subdivision (c) (second degree robbery), and 12022, subdivision (a)(1) (arming enhancement). All further statutory references are to the Penal Code unless otherwise noted.

bodily injury and grand theft from a person.[3]  As part of a plea agreement, Bryan then pleaded no contest to the two new counts, and the original count and arming enhancement were dismissed.  He also waived his right to appeal any errors occurring before the plea.

At the June 2022 disposition hearing, the juvenile court declared Bryan a ward of the court.  He was placed on probation with various terms and conditions, including gang-related terms.  The court also committed him to the Orin Allen Youth Rehabilitation Facility (the ranch) for six months, "plus an additional 180-day conditional [r]anch after-care period."  His maximum custody time was three years and 240 days, with custody credits of 29 days for his time in juvenile hall.[4]

There are no meritorious issues to be argued on appeal.  Bryan objected to the gang-related probation terms, but the trial court acted within its discretion in imposing them, given evidence of his association with gang members.  He also objected to his placement at the ranch, arguing that in-home placement would be sufficient to address his needs, but there was ample evidence that he needed a more restrictive placement.  No error appears in any other aspect of the court's dispositional rulings.

Accordingly, the June 2, 2022 dispositional order is affirmed.

---

[3] These allegations were made under sections 245, subdivision (a)(4) (assault), and 487, subdivision (c) (grand theft).

[4] The juvenile court did not specify how the maximum custody term was calculated, but it appears to be the midterm of three years for assault (see § 245, subd. (a)(4)) plus eight months (one-third the midterm of two years) for grand theft, since the theft involved a firearm.  (See § 489, subd. (a); Welf. & Inst. Code, § 726, subd. (d).)

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Swope, J.*


      *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Bryan N.*  A165500